UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**BENSON EVERETT LEGG**<br>Chief Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0723 |

July 2, 2009

MEMORANDUM TO COUNSEL

      Re:    <u>Mayor and City Council of Baltimore v.
Wells Fargo Bank, N.A., et al</u>
Civil No. L-08-62

      In January 2008, the City of Baltimore sued Wells Fargo under the Fair Housing Act for reverse redlining. The City alleges that Wells Fargo targeted black neighborhoods in Baltimore for predatory residential mortgage loans. Because the City did not take out a mortgage loan with Wells Fargo, it has no direct FHA claim against the Bank. Nevertheless, the City contends that it was harmed indirectly because many of the alleged predatory loans were foreclosed, resulting in vacant properties. The City claims damages stemming from the vacancies, including decreased property tax revenues, increased police and fire department costs, and the cost of boarding up and managing the vacant properties.

      There are two times during a case when the legal sufficiency of a complaint is tested. Under Fed. R. Civ. P. 12 (Motion to Dismiss), the Court examines the complaint to see whether it states a cause of action on its face. Under Fed. R. Civ. P. 56 (Motion for Summary Judgment), which is filed after the completion of discovery, the Court examines the evidence to determine whether a material dispute of fact exists that requires a trial to resolve.

      Wells Fargo filed a Motion to Dismiss (Docket No. 10) the City's complaint. The motion (i) challenged the City's standing, and (ii) contended that the complaint failed to state a cognizable Fair

Housing Act violation under either a disparate treatment or disparate impact theory. Ordinarily, when deciding the adequacy of a complaint under Fed. R. Civ. P. 12, the Court must accept as true the complaint's factual allegations. When the factual basis for a plaintiff's standing is challenged, however, it is appropriate for the Court to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support [standing]." See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

To have standing to sue, a plaintiff must have (i) suffered an actual injury, (ii) that has been caused by the defendant's challenged acts, and (iii) the injury must be subject to redress by a favorable outcome in the case. Wells Fargo challenged all three aspects of the City's standing, arguing that the City's claimed damages are so speculative that the case should be dismissed at the outset without merits discovery.

Recognizing that merits discovery in this case would be time consuming and expensive, the Court considered it appropriate to hold a hearing testing the threshold sufficiency of the City's standing claim. The hearing was set for June 29, 2009. In advance of the hearing, the Court allowed limited discovery focused on the City's alleged damages. The announced purpose of the hearing was not to decide the standing issue definitively. Instead, the hearing would determine whether the City's damage allegations in support of its standing are sufficiently plausible and grounded in fact to permit the case to proceed to full-fledged merits discovery and a second testing at the summary judgment stage.

On June 1, 2009, the City filed an amended complaint and exhibits. Simultaneously, the City also requested the Court to reconsider whether, in light of new evidence filed as part of the exhibits, the hearing was still warranted. The Court denied the City's motion to reconsider but

stated that it would receive the City's new evidence in connection with the hearing, which took place on June 29, 2009.

Based on the record presented, the Court hereby DENIES Wells Fargo's Motion to Dismiss the Complaint (Docket No. 10).  Based on the new affidavits submitted by former Wells Fargo employees Elizabeth Jacobson and Tony Paschal, the City has proffered sufficient proof to proceed with its claim for disparate treatment discrimination under the Fair Housing Act.  See Fed. R. Civ. P. 12(b)(6).  The City's alternative theory of liability, disparate impact, has not yet been tested factually.  Nevertheless, because the case will proceed on liability in general, the City is entitled to discovery on both of its theories of liability, including disparate impact.  Matthews v. New Century Mortg. Corp., 185 F. Supp. 2d 874, 886-87 (S.D. Ohio 2002).

With respect to standing, the Court has determined that the facts in support of the City's claim of standing are sufficiently plausible and grounded in fact to permit the case to proceed to merits discovery.  Moreover, the hearing demonstrated that the standing questions are inextricably intertwined with the facts central to the merits of the dispute.  In such a case, it is appropriate to permit discovery and to revisit the standing questions later at the summary judgment stage.  See Adams, 697 F.2d at 1219.

The case will now proceed to discovery and the filing of summary judgment motions.[1] Counsel shall confer and submit a proposed discovery plan and schedule by July 13, 2009.[2]  On July 20, 2009 at 11:00 a.m. in Courtroom 7A, the Court will hold a conference to discuss discovery scheduling and ways to manage the case to minimize the litigation burden on the parties.  As plead,

---

[1] The City was within its right under the federal rules to file its amended complaint.  Accordingly, the Court GRANTS the City's Motion to Amend its Complaint (Docket No. 74).

[2] As part of the discovery plan, Wells Fargo shall now state when, and in what manner, it plans to respond to the City's amended complaint.

the City's complaint calls into question all mortgage loans made by Wells Fargo in Baltimore City from 2000 to the present. This is quite a number. So, for example, the case might be sequenced to consider, as a first batch, loans extended during a lesser period. Also, the loans and the related properties might be analyzed according to a common set of criteria (e.g., interest rate, race of borrower, investor versus homeowner, number of vacant buildings on the block) agreed to in advance by the parties to allow for comparable analyses. The parties are encouraged to propose alternative methods to lessen the litigation burden in their July 13th submission.

    Despite the informal nature of this Memorandum, it is an Order of this Court, and the Clerk is directed to docket it accordingly.

                                                                            /s/
                                          Benson Everett Legg
                                          Chief Judge
                                          United States District Court