UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

September 14, 2010

MEMO TO COUNSEL RE:  Mayor and City Council of Baltimore v. Wells Fargo
Bank, N.A., et al.
Civil No. JFM-08-62

Dear Counsel:

     I have reviewed again the memoranda submitted in connection with defendants' motion to dismiss the second amended complaint and considered the arguments you made at the hearing on September 8, 2010. Defendants' motion will be granted but plaintiff is granted leave to file a third amended complaint on or before October 22, 2010.

     Unfortunately, my schedule does not permit me to write a full opinion at the present time. Because you have presented your positions well and winnowed the issues down to their essence, I am comfortable in stating my views now in a truncated manner.

     In order to show standing, the City must establish, *inter alia*, that there was a causal connection between the injuries it claims and Wells Fargo's conduct of which it complains. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Although the external conditions affecting the value of real estate in Baltimore City may ultimately have some relevance to the City's damage claims, the City has cured the fundamental flaw I found to exist in the first amended complaint by focusing upon "property specific," rather than generalized, damages in the second amended complaint. However, the City's property specific damages claims, encompassing both decreased property tax revenue and the expense of increased municipal services, are premised upon the fact that the properties foreclosed upon by Wells Fargo would not have been vacant during the period for which the City claims damages but for the improper loans made by Wells Fargo.

     This factual premise is adequately alleged to the extent that the City asserts that Wells Fargo steered borrowers who were eligible to obtain prime loans into a more expensive subprime loan they could not afford. Presumably, in such instances (subject to any factual defense asserted by Wells Fargo) the borrowers would have continued to make payments on their mortgages and would have remained in possession of the subject premises. However, to the extent that the City asserts that Wells Fargo acted improperly by making subprime loans to borrowers whose credit rating would not have permitted them to obtain a loan at all, the City has failed to allege any causal connection. If the loans had not been made, the properties would have been vacant in any event *unless the properties were (1) occupied before the sale facilitated by the "bad" Wells Fargo loans,*

*and (2) would have remained occupied during the period for which the City claims damages.* There are no allegations as to the latter facts set forth in the second amended complaint.  If the City can make such allegations consistent with Fed. R. Civ. P. 11 in the third amended complaint, it should do so.  The question would then become a factual one, providing Wells Fargo with a defense it could raise by way of a motion for summary judgment after discovery has been conducted.  If, on the other hand, the City cannot, in accordance with Rule 11, allege that subject properties were occupied at the time of the sales of the properties to Wells Fargo borrowers and/or would have remained occupied during the period that the City claims damages, the City should limit the claims asserted in the anticipated third amended complaint to those instances where Wells Fargo steered into subprime loans borrowers who could have afforded prime loans.

      Because this action has been pending so long, I am reluctant to grant the City leave to file a third amended complaint, particularly because it may well be that the damages (if any) that the City might eventually be awarded would be extremely limited.  However, my analysis of the issues persuades me that theoretically the City does have viable claims, if it can prove property specific injuries inflicted upon it at properties that would not have been vacant but for improper loans made by Wells Fargo.  Therefore, it is in the interest of justice that the City be granted leave to file a third amended complaint.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                    Very truly yours,

                      /s/

                      J. Frederick Motz
                      United States District Judge