RELMAN, DANE & COLFAX PLLC

1225 19TH STREET NW SUITE 600
WASHINGTON DC 20036-2456

TEL 202-728-1888
FAX 202-728-0848
WEBSITE WWW.RELMANLAW.COM

October 21, 2010

JOHN P. RELMAN

**VIA ECF**

The Honorable J. Frederick Motz
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 20201

    Re:    *Mayor & City Council of Baltimore v. Wells Fargo Bank, N.A., et al.,*
             No. 1:08-cv-62-JFM (D. Md.)

Dear Judge Motz:

        On September 14, 2010, the Court held in its Memo Opinion and Order to Counsel that the City of Baltimore had "cured the fundamental flaw [that the Court] found to exist in the first amended complaint by focusing upon 'property specific,' rather than generalized, damages in the second amended complaint," and that the "factual premise" of the City's complaint was "adequately alleged to the extent that the City asserts that Wells Fargo steered borrowers who were eligible to obtain prime loans into a more expensive subprime loan that they could not afford." Memo to Counsel (Docket No. 174) at 1.

        With respect to the City's second claim of wrongdoing, however – that Wells Fargo "acted improperly by making subprime loans to borrowers whose credit rating would not have permitted them to obtain a loan at all" – the Court held that the City had not pled sufficient facts to explain why those properties would not "have been vacant in any event." *Id.* The Court granted the City leave to file a third amended complaint providing more specific allegations with respect to this aspect of the City's claim, or alternatively, limiting the complaint to the first assertion of wrongdoing (*e.g.*, steering borrowers who were eligible to obtain prime loans into more expensive subprime loans they could not afford). *Id.* at 2.

        Baltimore has today filed a Third Amended Complaint addressing the issue raised by the Court with respect to the second allegation of wrongdoing by Wells Fargo. The Third Amended Complaint contains fourteen new paragraphs (96-109) that address with greater specificity the issue raised by the Court concerning the second claim of wrongdoing. The City respectfully submits that with the addition of these new paragraphs the factual premise of the City's second

RELMAN, DANE & COLFAX PLLC

Hon. J. Frederick Motz
October 21, 2010
Page 2 of 2

claim has now been adequately alleged and that it should be permitted to proceed to discovery with respect to both assertions of wrongdoing.[1]

Sincerely,

John P. Relman

---

[1] Consistent with the alternative presented by the Court to counsel in its Opinion, should the Court conclude that the detail provided in the new paragraphs is not sufficient, the City is prepared to go forward on this Complaint with respect to the first claim ("steering") only.