IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE, | ) ) ) | |
| Plaintiff, | ) ) | |
| -v.- | ) ) | Civil Action No. 1:08-CV-00062-JFM |
| WELLS FARGO BANK, N.A. | ) ) | |
| and | ) ) | |
| WELLS FARGO FINANCIAL LEASING, INC. | ) ) ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO FINANCIAL LEASING, INC.

Defendants Wells Fargo Bank, N.A. and Wells Fargo Financial Leasing, Inc. (collectively, "Wells Fargo" or the "Company"), through their undersigned counsel, for their Answer to the Plaintiff Mayor and City Council of Baltimore's (the "City") Third Amended Complaint for Declaratory and Injunctive Relief and Damages ("Complaint"), filed on October 21, 2010, state affirmatively that the Company has long been a fair and responsible lender, and that it has not engaged in reverse redlining or unlawful discrimination in violation of the Fair Housing Act. The City's case is predicated on alleged vacancies occurring at some point during the last 11 years at 190 properties—that is, on average, vacancies allegedly associated with 17 foreclosure actions per year. Wells Fargo avers that there is no causal connection between the lending practices alleged and the increased costs for municipal services at these properties and decreased property tax revenues across broad stretches of Baltimore that the City claims as damages.

During the pendency of this litigation, which has spanned more than three years, the City has not identified a single property address where an alleged vacancy was caused by the terms of a Wells Fargo loan, nor will it be able to do so.  Although the City characterizes the loans at issue as predatory, their terms were fair and reasonable.  Only approximately 130 properties as to which the City specifies damages in the Complaint had loans that were originated by Wells Fargo and a completed foreclosure initiated by Wells Fargo as of May 2010. Available data shows that of the 130 completed foreclosures, nearly 70% had a fixed interest rate, and, of the adjustable rate mortgages, only approximately five had an interest rate increase prior to foreclosure; the average interest rate for these loans was approximately 8.5%.

A cursory investigation of the circumstances leading to these 130 foreclosures demonstrates that the City's allegations that resulting vacancies were caused by discriminatory lending practices simply do not withstand scrutiny.  Only 112 of the 130 properties are located in census tracts that are predominantly African-American, a claim upon which the City's theory of discrimination depends, and of these loans approximately 50% were made to investors. Defaults on the remaining loans (approximately 60) were caused by the complex weave of life circumstances—job loss, illness, death, and divorce—that typically precipitate foreclosure and other personal tumult and financial upheaval.

The City's purported statistical claims are equally fallible.  The geographic distribution of Wells Fargo's foreclosures is consistent with those of other lenders and, more significantly, consistent with the geographic distribution of the foreclosure that have resulted from Baltimore's own tax lien sales. Wells Fargo avers that there is no causal connection between its lending practices and vacancies at the property addresses identified in the Complaint, and also states as follows in response to each of the paragraphs of the Complaint:

1.      This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo admits only that Plaintiff purports to bring this suit pursuant to the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 *et seq*.  Wells Fargo specifically denies that it has engaged in a pattern or practice of illegal and discriminatory mortgage lending and denies that it has engaged in unlawful, irresponsible, unfair, deceptive, or discriminatory lending practices.  Wells Fargo further denies that it has engaged in any conduct that has caused, or will cause, injury to the City of Baltimore as a result of foreclosures in Baltimore City's minority neighborhoods.

2.      This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that it has engaged in reverse redlining, and denies that it has engaged in a pattern or practice of unfair, deceptive or discriminatory lending in Baltimore's African-American neighborhoods.

3.      This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that it has engaged in reverse redlining, and denies that it has engaged in a pattern or practice of unfair, deceptive or discriminatory lending in Baltimore's neighborhoods.  Wells Fargo further denies that it has engaged in any practice that maximizes short-term profit without regard to any borrower's best interest, ability to repay, or the financial health of underserved minority neighborhoods.

4.      This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo states that it has not been provided with sufficient information upon

which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported

allegations in Paragraph 4 of the Complaint and, therefore, must deny the allegations to the

extent that they are intended to refer to Wells Fargo.  Wells Fargo avers that its foreclosures in

the City of Baltimore are consistent, in geographic location, with those of other lenders as well as

with foreclosures resulting from sales of tax liens imposed by the City itself.

     5.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo specifically denies the generalized allegations contained in Paragraph 5

of the Complaint, and specifically denies that it failed or fails to underwrite loans in African-

American communities in a responsible manner. Wells Fargo further denies that it engaged or

engages in discriminatory or predatory lending practices.

     6.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies the generalized allegations contained in Paragraph 6 of the

Complaint, and specifically denies that it targeted African-American neighborhoods for

deceptive, high priced loans.

     7.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies the generalized allegations in Paragraph 7 of the Complaint, and

specifically denies that it has engaged or engages in a pattern or practice of unfair, deceptive or

discriminatory lending in Baltimore's minority neighborhoods.  Wells Fargo further denies that

its acts, policies or practices have adversely affected Baltimore.

8.      This paragraph contains no allegations directed at Wells Fargo and thus, does not call for any answer from Wells Fargo.

9.      This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 9 of the Complaint and, therefore, must deny these allegations.  Wells Fargo further denies that it has engaged in illegal lending practices, that its lending practices have resulted in disproportionately high rates of vacancies in Baltimore's African-American neighborhoods, and that its lending practices have caused any financial harm to the City of Baltimore.  Wells Fargo avers that the City is seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to Wells Fargo's lending practices, complex socioeconomic factors that have impacted Baltimore for decades, and the City's own policies and practices, including the foreclosures precipitated by its tax liens.

10.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 10 of the Complaint and, therefore, must deny these allegations.  Wells Fargo further denies that it has engaged in reverse redlining.

11.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a

belief as to the truth or falsity of the generalized allegations contained in Paragraph 11 of the Complaint and, therefore, must deny these allegations.  Wells Fargo further denies that it engaged in wrongful lending practices that resulted in disproportionate concentrations of foreclosures or a diminution in the collection of property taxes.  Wells Fargo avers that the City is seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to Wells Fargo's lending practices, complex socioeconomic factors that have impacted Baltimore for decades, and the City's own policies and practices, including the foreclosures precipitated by its tax liens.

12.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it is a leading cause of any disproportionately high rate of foreclosure in Baltimore's African-American neighborhoods and that the foreclosures have caused harm to the City of Baltimore.  Wells Fargo avers that its foreclosures in the City of Baltimore are consistent, in geographic location, with those of other lenders as well as with foreclosures resulting from sales of tax liens imposed by the City itself.

13.     This paragraph contains a general and unsupported factual assertion and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegation in Paragraph 13 of the Complaint, and specifically denies that it is the cause of any harms alleged to be associated with foreclosures in the City of Baltimore.

14.     This paragraph contains a general and unsupported factual assertion and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegation in Paragraph 14 of the Complaint, and specifically denies

that it is the cause of any harms alleged to be associated with vacancies in the City of Baltimore.

15.     This paragraph contains no allegations directed at Wells Fargo and thus, does not call for any answer from Wells Fargo.

16.     Wells Fargo admits that Wells Fargo Bank, N.A. is organized as a national banking association under the laws of the United States. Wells Fargo further admits that it has offices in the State of Maryland and in Baltimore for the purpose of providing residential mortgage loans and engaging in other business activities.  Wells Fargo denies all other allegations in Paragraph 16 of the Complaint.

17.     Wells Fargo admits that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., which was formerly incorporated in California as a separate company and registered to do business in the State of Maryland and in Baltimore, and admits that it continues to do business under the same name.  Wells Fargo denies the other allegations in Paragraph 17 of the Complaint.

18.     Wells Fargo admits only that Wells Fargo Bank, N.A. has made mortgage loans, secured by residential real estate located in Baltimore City, Maryland, since at least 2000. With respect to the remaining allegations contained in Paragraph 18 of the Complaint, Wells Fargo states that it does not have sufficient information upon which to form a belief as to the truth or falsity of these ill-defined, unsupported statements and, therefore, must deny the allegations to the extent that they are intended to refer to Wells Fargo.

19.     Wells Fargo admits that Wells Fargo Financial Leasing is an Iowa corporation registered to do business in Maryland.  Wells Fargo denies all other allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint states conclusions law to which no response is

required.  To the extent that Paragraph 20 of the Complaint is deemed to contain factual

allegations to which a response is required, Wells Fargo states that it does not have sufficient

information upon which to form a belief as to the truth or falsity of these generalized allegations

and, therefore, must deny the allegations.

21.     Paragraph 21 of the Complaint states a conclusion of law to which no response is

required.  To the extent that Paragraph 21of the Complaint is deemed to contain factual

allegations to which a response is required, Wells Fargo must deny these allegations.

22.     Paragraph 22 of the Complaint states a conclusion of law to which no response is

required.  To the extent that Paragraph 22 of the Complaint is deemed to contain factual

allegations, Wells Fargo admits only that it conducts business in Baltimore City, Maryland.  As

to all other factual allegations deemed to be contained in Paragraph 22 of the Complaint, Wells

Fargo states that it does not have sufficient information upon which to form a belief as to the

truth or falsity of these generalized allegations; therefore, Wells Fargo must deny these

allegations to the extent they are intended to refer to Wells Fargo.

23.     This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required.  To the extent that a response is required, Wells

Fargo states that it does not have sufficient knowledge or information upon which to form a

belief as to the truth or falsity of the generalized allegations contained in Paragraph 23 of the

Complaint and, therefore, must deny these allegations, which are not specifically directed at

Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to

Wells Fargo.

24.     This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required.  To the extent that a response is required, Wells

Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 24 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

25.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 25 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

26.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 26 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

27.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 27 of the

Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

28.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 28 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

29.     This paragraph contains general and unsupported factual assertions, attorney argument, and conclusions of law to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 29 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

30.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 30 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to

Wells Fargo.

31.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 31 of the Complaint and, therefore, must deny these allegations which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

32.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 32 of the Complaint and, therefore, must deny these allegations which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

33.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 33 of the Complaint and, therefore, must deny these allegations which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

34.     This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required.  To the extent that a response is required, Wells

Fargo states that it does not have sufficient knowledge or information upon which to form a

belief as to the truth or falsity of the generalized allegations contained in Paragraph 34 of the

Complaint and, therefore, must deny these allegations which are not specifically directed at

Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to

Wells Fargo.

35.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo specifically denies that it failed or fails to underwrite loans in minority

and underserved communities in a responsible manner.  Wells Fargo further denies that it

engaged or engages in any of the alleged predatory lending practices enumerated in Paragraph 35

of the Complaint, including charging excessive fees; charging excessively high interest rates that

are not justified by borrowers' creditworthiness; requiring large prepayment penalties while

deliberately misleading borrowers about the penalties; using deceptive sales practices to wrap

insurance products into mortgages; convincing borrowers to refinance mortgages into new loans

that only benefit Wells Fargo; and deceiving borrowers into believing that they are obtaining

fixed rate loans when they are actually obtaining adjustable rate loans.

36.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo specifically denies that it is a leading cause of stagnation and decline in

African-American neighborhoods.  Wells Fargo further denies that it is the leading cause of any

disproportionately high rate of foreclosure in Baltimore's African-American neighborhoods, and

that its rate of foreclosure is improperly concentrated in Belair Edison, East Baltimore,

Pimlico/Arlington/Hilltop, Dorchester/Ashburton, Southern Park Heights, Greater Rosemont,

Sandtown-Winchester/Harlem Park, Greater Govans and Waverly, or other neighborhoods with

African-American populations exceeding 75%. Wells Fargo avers that its foreclosures in the

City of Baltimore are consistent, in geographic location, with those of other lenders as well as

with foreclosures resulting from sales of tax liens imposed by the City itself.

37.     This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required. To the extent that a response is required, Wells

Fargo states that it has not been provided with sufficient information upon which to form a belief

as to the truth or falsity of the ill-defined, unsupported allegations in Paragraph 37 of the

Complaint and, therefore, must deny the allegations to the extent that they are intended to refer to

Wells Fargo. Wells Fargo avers that its foreclosures in the City of Baltimore are consistent, in

geographic location, with those of other lenders as well as with foreclosures resulting from sales

of tax liens imposed by the City itself.

38.     This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required. To the extent that a response is required, Wells

Fargo states that it has not been provided with sufficient information upon which to form a belief

as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and, therefore, must

deny the allegations. Wells Fargo avers that its foreclosures in the City of Baltimore are

consistent, in geographic location, with those of other lenders as well as with foreclosures

resulting from sales of tax liens imposed by the City itself.

39.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required. To the extent that a response

is required, Wells Fargo states that it has not been provided with sufficient information upon

which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 39 of the Complaint and, therefore, must deny the allegations to the extent that they are intended to refer to Wells Fargo.  Wells Fargo avers that its foreclosures in the City of Baltimore are consistent, in geographic location, with those of other lenders as well as with foreclosures resulting from sales of tax liens imposed by the City itself.

40.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 40 of the Complaint and, therefore, must deny the allegations to the extent that they are intended to refer to Wells Fargo.  Wells Fargo avers that its foreclosures in the City of Baltimore are consistent, in geographic location, with those of other lenders as well as with foreclosures resulting from sales of tax liens imposed by the City itself.

41.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that it failed to follow responsible underwriting practices in connection with the origination of residential mortgage loans secured by real estate located within predominantly African-American neighborhoods in Baltimore City, Maryland.  Wells Fargo avers that its foreclosures in the City of Baltimore are consistent, in geographic location, with those of other lenders as well as with foreclosures resulting from sales of tax liens imposed by the City itself. Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 41 of the Complaint and, therefore, must deny the allegations to the extent that they are intended

to refer to Wells Fargo.

42.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations contained in Paragraph 42 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

43.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 43 of the Complaint, and specifically denies that it does not follow fair or responsible underwriting practices with respect to African-American customers.  Wells Fargo further states that its rate of foreclosure in census tracts that are more than 60% African American is consistent with the foreclosure rate of other lenders and foreclosures resulting from the City of Baltimore's sale of tax liens.

44.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 44 of the Complaint, and specifically denies that it has engaged in unscrupulous subprime lending practices or other inappropriate practices when making loans to African-Americans and in African-American neighborhoods.  Wells Fargo further avers that insofar as "disparate rates of foreclosure" exist, which it does not admit, these disparities are the result of legitimate factors

and are not related to race.

45.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 45 of the Complaint, and specifically denies that it engaged in a pattern or practice of reverse redlining with respect to the City's African-American neighborhoods.  Wells Fargo denies that it has engaged in unfair and discriminatory practices in Baltimore's African-American neighborhoods that have the effect and purpose of placing inexperienced and underserved borrowers in loans they cannot afford.  Wells Fargo denies that it has engaged in any practice that has maximized short-term profit without regard to the borrower's best interest, the borrower's ability to repay, or the financial health of underserved minority neighborhoods.  Wells Fargo further denies that it has a disproportionately high rate of foreclosures in Baltimore's African-American neighborhoods.

46.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument as to which no response is required.  To the extent that a response is required, Wells Fargo admits that Elizabeth Jacobson and Tony Paschal are former Wells Fargo employees.  Wells Fargo specifically denies that it targeted African-Americans and residents of African-American neighborhoods in and around Baltimore for abusive subprime lending practices.

47.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo admits that Jacobson worked as a loan officer for Wells Fargo.  Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-

defined, unsupported allegations in Paragraph 47 and, therefore, must deny allegations intended to refer to Wells Fargo.

48.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo admits that Paschal was a Wells Fargo loan officer and that that his job duties included assisting Wells Fargo borrowers who sought to refinance their home mortgages.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 48 of the Complaint and, therefore, must deny these allegations to the extent they are intended to refer to Wells Fargo.

49.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it engaged in any practice that constitutes reverse redlining.  Wells Fargo denies that it targeted African-Americans or African-American neighborhoods in Baltimore and elsewhere for deceptive, abusive, or predatory subprime loans and further denies that the Company's subprime loan officers engaged in myriad deceptive, abusive, and predatory practices.

50.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that its marketing of subprime products targeted predominantly African-American zip codes in Baltimore, Prince George's County and Washington, D.C.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the double hearsay allegation regarding Howard County in Paragraph 50 of the Complaint.

51.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that it targeted African-American churches in Baltimore City, or their congregations, for subprime loans.

52.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it assigned employees to attend or make presentations at churches on the basis of race.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining double hearsay allegations in Paragraph 52 of the Complaint.

53.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it targeted African-Americans for subprime loans through special events.  Wells Fargo further denies that it selected employees to make presentations at special events on the basis of race. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the double hearsay allegation regarding Jacobson's race in Paragraph 53 of the Complaint.  Wells Fargo further states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation that Jacobson made a complaint.

54.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument as to which no response is required.  To the extent that a response is required, Wells Fargo denies that it created any unit called the "Affinity Marketing Group" in Silver Spring, Maryland to target African Americans.

55.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that it tailored its subprime marketing materials on the basis of race inappropriately to target African Americans.  Wells Fargo specifically denies that it created or otherwise used software to print out subprime promotional materials in an "African American" language.  Wells Fargo also denies that it altered or removed the "African American" designation as a result of any complaint by Paschal.

56.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 56 of the Complaint.  Wells Fargo further states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the double hearsay allegations regarding customers, loans, Prince George's County or Howard County in Paragraph 56 of the Complaint.

57.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 57 of the Complaint, and specifically denies that it unlawfully steered borrowers qualified for prime or FHA loans into subprime loans or encouraged loan officers to unlawfully steer borrowers qualified for prime or FHA loans into subprime loans.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the double hearsay allegations regarding Paschal's claims in Paragraph 57 of the Complaint.

58.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 58 of the Complaint, and specifically denies that it unlawfully steered borrowers qualified for prime or FHA loans into subprime loans.

59.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 59 of the Complaint, denies that it unlawfully steered borrowers qualified for prime loans into subprime loans or encouraged loan officers to unlawfully steer borrowers qualified for prime into subprime loans, and denies that its compensation system for subprime loans put "bounties" on minority borrowers.

60.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 60 of the Complaint, and specifically denies that its culture focused on making the most money possible rather than putting borrowers in loans that were appropriate for them.

61.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 61 of the Complaint, and specifically denies that it unlawfully steered borrowers qualified for prime loans into subprime loans.  Wells Fargo further denies that any pricing discretion accorded or performance incentives awarded to loan officers permitted or encouraged any such unlawful

steering.

62.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that it unlawfully steered borrowers qualified for prime loans into subprime loans.  Wells Fargo further denies that any pricing discretion accorded to loan officers permitted or encouraged any such unlawful steering.

63.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 63 of the Complaint, and specifically denies that it unlawfully steered borrowers qualified for prime loans into subprime loans and that pricing discretion accorded to loan officers permitted or encouraged any such unlawful steering.  Wells Fargo admits that it implemented policies and procedures which were intended to ensure that borrowers were provided with appropriate loan products, but denies that they were implemented in response to public criticism.  Wells Fargo further denies that it was widely understood that its policies and procedures were not effective.

64.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 64 of the Complaint, and specifically denies that any pricing discretion accorded to loan officers permitted or encouraged increasing the cost of subprime loans.

65.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 65 of the

Complaint, and specifically denies that any pricing discretion accorded to loan officers encouraged increasing pricing, points, or fees.

66.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 66 of the Complaint, and specifically denies that any pricing discretion accorded to loan officers permitted or encouraged misrepresentations as to whether interest rates were locked.

67.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 67 of the Complaint, and specifically denies that any pricing discretion accorded to loan officers permitted or encouraged discrimination against minority loan applicants with respect to loan product offerings.

68.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 68 of the Complaint, and specifically denies that any pricing discretion accorded to loan officers permitted or encouraged deceit in connection with the inclusion or conditions of prepayment penalties. Wells Fargo additionally specifically denies that it encouraged loan officers not to tell applicants about prepayment penalties or otherwise to make misrepresentations in connection with prepayment penalties.

69.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies the generalized allegations contained in Paragraph 69 of the

Complaint, and specifically denies that Wells Fargo encouraged loan officers to falsify

applications in order to gain underwriting approval for mortgage loans.  Wells Fargo states that it

does not have sufficient knowledge or information upon which to form a belief as to the truth or

falsity of the double hearsay allegations regarding Jacobson's claim to have reported such

prohibited activity in Paragraph 69 of the Complaint or its alleged consequences.

70.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies the generalized allegations contained in Paragraph 70 of the

Complaint, and specifically denies that its practices regarding qualification predictably resulted

in foreclosures.

71.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument, and legal conclusions to which no response is required.  To the

extent that a response is required, Wells Fargo denies the generalized allegations contained in

Paragraph 71 of the Complaint, and specifically denies that it used mortgage brokers and listing

agents to improperly or unlawfully target African Americans and African-American

neighborhoods or to engage in any abusive lending practices.  Wells Fargo denies that it is liable

for any alleged unlawful conduct of third parties, and specifically denies the inappropriate and

unlawful conduct alleged in Paragraph 71.  Wells Fargo further states that it does not have

sufficient information upon which to form a belief as to the truth or falsity of declarant Peter

Hebert's alleged association with any mortgage brokerage firm that allegedly did business with

Wells Fargo.

72.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Complaint, but avers that if the alleged disparities exist, they are not the result of unlawful discrimination against African-Americans.

73.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 73 of the Complaint, and specifically denies that any disparities in loan pricing are the result of irresponsible lending or unlawful discrimination against African-Americans.

74.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Complaint, but avers that if the alleged concentrations exist, they are not the result of unlawful discrimination against African-Americans.

75.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 75 of the Complaint. Wells Fargo further denies that it has engaged in reverse redlining and specifically denies that it has contributed significantly to any disproportionately high rate of foreclosure in Baltimore's African-American communities.  Wells Fargo states that its rate of foreclosure in census tracts that are more than 60% African American is consistent with other lenders' and foreclosures

relating to the City's own tax lien sales.

76.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it engaged in unlawful pricing discrimination against residents of Baltimore's African-American neighborhoods.

77.     This paragraph contains general and unsupported factual assertions, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations contained in Paragraph 77 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

78.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 78 of the Complaint, and specifically denies that its pricing has a clear and foreseeable disproportionate impact on African-American borrowers.

79.     This paragraph contains general and unsupported factual assertions, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that its pricing is discriminatory, is consistent with unfair practices or reverse redlining, or has contributed significantly to any disproportionately large number of foreclosures in Baltimore's African-American communities.

80.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 80 of the Complaint, and specifically denies that its pricing is discriminatory or leads to African-American borrowers and borrowers residing in African-American neighborhoods paying more than comparable non-African-Americans and residents of communities in neighborhoods that are non-African-American.

81.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 81 of the Complaint, and specifically denies that it is engaged in a pattern or practice of unfair lending that contributes significantly to any disproportionately high rate of foreclosure found in Baltimore's African-American neighborhoods.  Wells Fargo states that its rate of foreclosure in census tracts that are more than 60% African American is consistent with other lenders' and foreclosures relating to the City's own tax lien sales.

82.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo admits that it originates adjustable rate mortgages, but denies that such loans are improperly concentrated in predominantly African-American neighborhoods in Baltimore and that such loans are designed to fail.  Wells Fargo additionally states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 82 of the Complaint.

83.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies that it does not properly underwrite loans made to African-Americans and in African-American neighborhoods. Wells Fargo further denies that it did not or does not adequately consider borrowers' ability to repay loans.

84. This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, Wells Fargo denies that it does not properly underwrite adjustable rate loans. Wells Fargo additionally states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations contained in Paragraph 84 of the Complaint.

85. This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, Wells Fargo denies that it has engaged in reverse redlining, that it has subjected African-American borrowers to unfair and deceptive loan terms, or has contributed significantly to the high rate of foreclosure found in Baltimore's African-American neighborhoods.

86. This paragraph contains unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations contained in Paragraph 86 of the Complaint and, therefore, must deny these allegations.

87. This paragraph contains unsupported factual assertions, inflammatory language, and attorney argument to which no response is required. To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations contained in

Paragraph 87 of the Complaint and, therefore, must deny these allegations.  Wells Fargo additionally avers that if any disparities in the alleged "caps" exist, they are not the result of unlawful discrimination against borrowers in predominantly African-American neighborhoods.

88.    This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies that it is engaged in a pattern or practice of unfair or improper lending in Baltimore's African-American communities that contributes significantly to any high rate of foreclosure in these neighborhoods.

89.    This paragraph contains unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the ill-defined, unsupported allegations contained in Paragraph 89 of the Complaint and, therefore, must deny these allegations.  Wells Fargo additionally avers that if any disparities exist with respect to the speed with which African-American and white borrowers move into foreclosure, they are not the result of unlawful discrimination.

90.    This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 90 of the Complaint, and specifically denies that it is engaged in lending practices consistent with reverse redlining, irresponsible underwriting in African-American communities that does not serve the best interest of borrowers, or underwriting practices in African-American communities that are less concerned with determining a borrower's ability to pay and qualifications for the loan than short-

term profit.  Wells Fargo further specifically denies that any disparities in the speed of

foreclosure completion between African-American and white borrowers, inasmuch as they exist,

are the result of unlawful discrimination.

91.     This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required.  To the extent that a response is required, Wells

Fargo states that it has not been provided with sufficient information upon which to form a belief

as to the truth or falsity of the generalized allegations contained in Paragraph 91 of the

Complaint and, therefore, must deny these allegations, which are not specifically directed at

Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to

Wells Fargo.

92.     This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required.  To the extent that a response is required, Wells

Fargo states that it does not have sufficient knowledge or information upon which to form a

belief as to the truth or falsity of the generalized allegations contained in Paragraph 92 of the

Complaint and, therefore, must deny these allegations to the extent they are intended to refer to

Wells Fargo.


93.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies the generalized allegations in Paragraph 93 of the Complaint, and

specifically denies that it has engaged in or continues to engage in a pattern or practice of reverse

redlining that has resulted in a disproportionately high rate of foreclosure on loans to African

Americans and in Baltimore's majority African-American neighborhoods.  Wells Fargo further

denies that its foreclosures have caused injuries to the City of Baltimore.  Wells Fargo avers that

the City is seeking redress in the Complaint for injuries caused by personal circumstances impacting individual borrowers which are unrelated to Wells Fargo's lending practices, complex socioeconomic factors that have impacted Baltimore for decades, and the City's own policies and practices, including the foreclosures precipitated by its tax liens.

94.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 94 of the Complaint, denies that it has engaged in discriminatory lending practices, and specifically denies that it has caused harm to the City of Baltimore.

95.     This paragraph contains no allegations directed at Wells Fargo and thus, does not call for any answer from Wells Fargo.

96.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 96 of the Complaint, and specifically denies that it has engaged or continues to engage in discriminatory lending practices. Wells Fargo further denies that it is the cause of any vacancies or harms alleged to be associated with vacancies in the City of Baltimore.

97.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations contained in Paragraph 97 of the Complaint, and specifically denies that it steered borrowers qualified for prime loans into subprime loans.  Wells Fargo further denies that it has caused harm to the City of Baltimore.

98.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 98 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

99.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 99 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

100.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 100 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

101.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon

which to form a belief as to the truth or falsity of generalized allegations contained in Paragraph 101 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

102.    This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 102 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

103.    This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 103 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

104.    This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 104 of the Complaint and, therefore, must deny these allegations, which are not

specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

105.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 105 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

106.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 106 of the Complaint and, therefore, must deny these allegations, which are not specifically directed at Wells Fargo, and specifically deny the allegations to the extent they are intended to refer to Wells Fargo.

107.     This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it engaged in any discriminatory or abusive lending practices, and states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations regarding Jacobson's claims in Paragraph 69 of the Complaint.

108.     This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies that it engaged in any discriminatory, predatory, or abusive

lending practices, as alleged in Paragraphs 98-104 of the Complaint, in connection with the

origination of residential mortgage loans secured by real estate located in Baltimore City's

predominantly African-American neighborhoods.  Wells Fargo further denies that it engaged in

improper lending practices that were the cause of any foreclosure or vacancies in connection

with the origination of residential mortgage loans secured by real estate located in Baltimore

City's predominantly African-American neighborhoods.  Wells Fargo states that it has not been

provided with sufficient information upon which to form a belief as to the truth or falsity of the

remaining ill-defined, unsupported allegations in Paragraph 108 of the Complaint and, therefore,

must deny the allegations.

109.    This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo admits that it offered adjustable rate mortgage loans, but specifically

denies that it engaged in or is currently engaging in irresponsible underwriting.  Wells Fargo also

denies that it is the cause of any vacancies or harms alleged to be associated with vacancies in

the City of Baltimore.  Wells Fargo states that it has not been provided with sufficient

information upon which to form a belief as to the truth or falsity of the remaining ill-defined,

unsupported allegations in Paragraph 109 of the Complaint and, therefore, must deny the

allegations.

110.    This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo denies that it has engaged in any predatory, unlawful, or abusive lending

practices with a clear and foreseeable disproportionate impact on predominantly African-American neighborhoods. Wells Fargo further denies that its lending practices are the cause of any vacancies or harms alleged to be associated with any vacancies. Wells Fargo avers that insofar as "disproportionate rates of foreclosure and notices of foreclosure" exist, which it does not admit, these disparities are the result of legitimate factors and are not the result of unlawful racial discrimination. Wells Fargo avers that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported allegations in Paragraph 110 of the Complaint and, therefore, must deny the allegations. Wells Fargo also states that only approximately 130 properties as to which the City specifies damages in the Complaint had loans that were originated by Wells Fargo and a completed foreclosure initiated by Wells Fargo. Of these properties, only approximately 112 were located within census tracts that are predominantly African-American. Approximately 50% of the loans made on these 112 properties were made to borrowers believed to be investors. As to the vast majority of the remaining loans (approximately 60), life circumstances such as the curtailment of income, job loss, illness, divorce, death, and structural problems at the property were the root causes of default. Nearly 70% of these loans had a fixed rate, and only approximately five of the adjustable rate mortgages had an interest rate increase prior to foreclosure. With respect to loans for which data was available, the average interest rate was less than 8.5% at origination and debt-to-income ("DTI") and loan-to-value ratios ("LTV") also were conservative. The average DTI was approximately 37% and the average LTV was approximately 85%.

111.     This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required. To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 111 of the Complaint, and specifically

denies that it has caused injury to the City of Baltimore, including any increased expenditures to provide municipal services at vacant properties.

112.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it has caused injury to the City of Baltimore, including directly or indirectly causing violations of the Baltimore's municipal housing code. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining generalized allegations contained in Paragraph 112 of the Complaint and, therefore, must deny these allegations.

113.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it has caused injury to the City of Baltimore, including directly or indirectly causing violations of the Baltimore's municipal housing code.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 113 of the Complaint and, therefore, must deny these allegations.

114.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it has caused injury to the City of Baltimore, including directly or indirectly causing violations of the Baltimore's municipal housing code. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 114 of the Complaint and, therefore, must deny these allegations.

115.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it has caused injury to the City of Baltimore, including directly or indirectly causing violations of the Baltimore's municipal housing code. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 115 of the Complaint and, therefore, must deny these allegations.

116.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it has caused injury to the City of Baltimore, including directly or indirectly causing violations of the Baltimore's municipal housing code. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 116 of the Complaint and, therefore, must deny these allegations.

117.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it has engaged in or engages in discriminatory lending practices and that its lending practices are the cause of any vacancies or harms alleged to be associated with vacancies in the City of Baltimore.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 117 of the Complaint and, therefore, must deny these allegations.  Wells Fargo states that it has not been provided with sufficient information upon which to form a belief as to the truth or falsity of the remaining ill-defined, unsupported

allegations in Paragraph 110 of the Complaint and, therefore, must deny the allegations.  Wells

Fargo also states that only approximately 130 properties as to which the City specifies damages

in the Complaint had loans that were originated by Wells Fargo and a completed foreclosure

initiated by Wells Fargo.  Of these properties, only approximately 112 were located within

census tracts that are predominantly African-American.  Approximately 50% of the loans made

on these 112 properties were made to borrowers believed to be investors.  As to the vast majority

of the remaining loans (approximately 60), life circumstances such as the curtailment of income,

job loss, illness, divorce, death, and structural problems at the property were the root causes of

default.  Nearly 70% of these loans had a fixed rate, and only approximately five of the

adjustable rate mortgages had an interest rate increase prior to foreclosure.  With respect to loans

for which data was available, the average interest rate was less than 8.5% at origination and debt-

to-income ("DTI") and loan-to-value ratios ("LTV") also were conservative. The average DTI

was approximately 37% and the average LTV was approximately 85%.

    118.    This paragraph contains general and unsupported factual assertions and attorney

argument to which no response is required.  To the extent that a response is required, Wells

Fargo denies the generalized allegations in Paragraph 118 of the Complaint, and specifically

denies that it is the cause of any vacancies or harms alleged to be associated with vacancies in

the City of Baltimore.  Wells Fargo further denies that it has engaged in illegal lending practices.

Wells Fargo also states that only approximately 130 properties as to which the City specifies

damages in the Complaint had loans that were originated by Wells Fargo and a completed

foreclosure initiated by Wells Fargo.  Of these properties, only approximately 112 were located

within census tracts that are predominantly African-American.  Approximately 50% of the loans

made on these 112 properties were made to borrowers believed to be investors.  As to the vast

majority of the remaining loans (approximately 60), life circumstances such as the curtailment of income, job loss, illness, divorce, death, and structural problems at the property were the root causes of default. Nearly 70% of these loans had a fixed rate, and only approximately five of the adjustable rate mortgages had an interest rate increase prior to foreclosure. With respect to loans for which data was available, the average interest rate was less than 8.5% at origination and debt-to-income ("DTI") and loan-to-value ratios ("LTV") also were conservative. The average DTI was approximately 37% and the average LTV was approximately 85%.

119.    This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1804 N. Carey Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1804 N. Carey Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 119 of the Complaint and, therefore, must deny these allegations.

120.    This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1501 N. Payson Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1501 N. Payson Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 120 of the Complaint and, therefore, must deny these allegations.

121.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1417 W. Lombard Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1417 W. Lombard Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 121 of the Complaint and, therefore, must deny these allegations.

122.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 624 Scott Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 624 Scott Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 122 of the Complaint and, therefore, must deny these allegations.

123.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1833 E. North Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1833 E. North Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 123 of the Complaint and, therefore, must deny these allegations.

124.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3025 E. Federal Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3025 E. Federal Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 124 of the Complaint and, therefore, must deny these allegations.

125.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2116 E. Biddle Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2116 E. Biddle Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 125 of the

Complaint and, therefore, must deny these allegations.

126.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2825 E. Chase Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2825 E. Chase Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 126 of the Complaint and, therefore, must deny these allegations.

127.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2908 E. Monument Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2908 E. Monument Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 127 of the Complaint and, therefore, must deny these allegations.

128.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1909 Jefferson Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 1909 Jefferson Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 128 of the

Complaint and, therefore, must deny these allegations.

129.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 240 N. Rose Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 240 N. Rose Street, including

but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo

states that it does not have sufficient knowledge or information upon which to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 129 of the Complaint and,

therefore, must deny these allegations.

130.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 145 N. Potomac Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 145 N. Potomac Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 130 of the

Complaint and, therefore, must deny these allegations.

131.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 6 N. Abington Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 6 N. Abington Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 131 of the Complaint and, therefore, must deny these allegations.

132.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 433 Gwynn Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 433 Gwynn Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 132 of the Complaint and, therefore, must deny these allegations.

133.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 328 Allendale Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 328 Allendale Street,

including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 133 of the Complaint and, therefore, must deny these allegations.

134.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 114 Allendale Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 114 Allendale Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 134 of the Complaint and, therefore, must deny these allegations.

135.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2136 Presstman Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2136 Presstman Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 135 of the Complaint and, therefore, must deny these allegations.

136.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1225 Poplar Grove Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1225 Poplar Grove Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 136 of the Complaint and, therefore, must deny these allegations.

137.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2828 Brighton Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2828 Brighton Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 137 of the Complaint and, therefore, must deny these allegations.

138.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1703 N. Ellamont Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1703 N. Ellamont Street, including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 138 of the Complaint and, therefore, must deny these allegations.

139.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 618 Wildwood Parkway. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 618 Wildwood Parkway, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 139 of the Complaint and, therefore, must deny these allegations.

140.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 705 N. Augusta Drive. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 705 N. Augusta Drive, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 140 of the Complaint and, therefore, must deny these allegations.

141.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 315 Marydell Road.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 315 Marydell Road, including

but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo

states that it does not have sufficient knowledge or information upon which to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 141 of the Complaint and,

therefore, must deny these allegations.

142.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 2714 W. North Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 2714 W. North Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 142 of the

Complaint and, therefore, must deny these allegations.

143.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 2101 Bryant Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 2101 Bryant Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 143 of the Complaint and, therefore, must deny these allegations.

144.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2505 Keyworth Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2505 Keyworth Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 144 of the Complaint and, therefore, must deny these allegations.

145.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2419 Woodbrook Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2419 Woodbrook Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 145 of the Complaint and, therefore, must deny these allegations.

146.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1919 Perlman Place.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1919 Perlman Place, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 146 of the Complaint and, therefore, must deny these allegations.

147.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2808 Clifton Park Terrace.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2808 Clifton Park Terrace, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 147 of the Complaint and, therefore, must deny these allegations.

148.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1331 Pentridge Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1331 Pentridge Road, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 148 of the

Complaint and, therefore, must deny these allegations.

149.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1717 Northbourne Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1717 Northbourne Road, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 149 of the Complaint and, therefore, must deny these allegations.

150.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3212 Chesterfield Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 3212 Chesterfield Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 150 of the Complaint and, therefore, must deny these allegations.

151.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3228 Kentucky Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 3228 Kentucky Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 151 of the Complaint and, therefore, must deny these allegations.

152.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 5315 Liberty Heights Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 5315 Liberty Heights Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 152 of the Complaint and, therefore, must deny these allegations.

153.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 5368 Cordelia Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 5368 Cordelia Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 153 of the Complaint and, therefore, must deny these allegations.

154.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1947 W. Mosher Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1947 W. Mosher Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 154 of the Complaint and, therefore, must deny these allegations.

155.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 535 N. Brice.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 535 N. Brice, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 155 of the Complaint and, therefore, must deny these allegations.

156.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 534 Carrollton Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 534 Carrollton Avenue,

including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 156 of the Complaint and, therefore, must deny these allegations.

157.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 506 Arlington Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 506 Arlington Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 157 of the Complaint and, therefore, must deny these allegations.

158.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1108 W. Fayette Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1108 W. Fayette Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 158 of the Complaint and, therefore, must deny these allegations.

159.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1719 Hollins Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1719 Hollins Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 159 of the Complaint and, therefore, must deny these allegations.

160.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1721 Lemmon Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1721 Lemmon Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 160 of the Complaint and, therefore, must deny these allegations.

161.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 113 Gilmor Street.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 113 Gilmor Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states

that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 161 of the Complaint and, therefore, must deny these allegations.

162.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1231 W. Lombard Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1231 W. Lombard Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 162 of the Complaint and, therefore, must deny these allegations.

163.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 435 Furrow Street.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 435 Furrow Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 163 of the Complaint and, therefore, must deny these allegations.

164.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1541 N. Woodyear Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 1541 N. Woodyear Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 164 of the

Complaint and, therefore, must deny these allegations.

165.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 417 Robert Street.  Wells

Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore

alleged to be the result of any vacancy or foreclosure at, 417 Robert Street, including but not

limited to alleged damages related to expenditures for municipal services.  Wells Fargo states

that it does not have sufficient knowledge or information upon which to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 165 of the Complaint and,

therefore, must deny these allegations.

166.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1611 Division Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 1611 Division Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 166 of the Complaint and, therefore, must deny these allegations.

167.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2214 Wilkens Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2214 Wilkens Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 167 of the Complaint and, therefore, must deny these allegations.

168.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1126 Carroll Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1126 Carroll Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 168 of the Complaint and, therefore, must deny these allegations.

169.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1602 E. Federal Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1602 E. Federal Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 169 of the Complaint and, therefore, must deny these allegations.

170.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 801 Arnold Court.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 801 Arnold Court, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 170 of the Complaint and, therefore, must deny these allegations.

171.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1719 N. Wolfe Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1719 N. Wolfe Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 171 of the

Complaint and, therefore, must deny these allegations.

172.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1724 E. Oliver Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1724 E. Oliver Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 172 of the Complaint and, therefore, must deny these allegations.

173.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2313 E. Federal Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2313 E. Federal Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 173 of the Complaint and, therefore, must deny these allegations.

174.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2402 Llewelyn Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 2402 Llewelyn Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 174 of the Complaint and, therefore, must deny these allegations.

175.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2207 Preston Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2207 Preston Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 175 of the Complaint and, therefore, must deny these allegations.

176.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 905 Chester Street.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 905 Chester Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 176 of the Complaint and, therefore, must deny these allegations.

177.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2438 Ashland Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2438 Ashland Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 177 of the Complaint and, therefore, must deny these allegations.

178.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 923 N. Lakewood Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 923 N. Lakewood Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 178 of the Complaint and, therefore, must deny these allegations.

179.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 808 N. Lakewood Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 808 N. Lakewood

Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 179 of the Complaint and, therefore, must deny these allegations.

180.     This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 710 N. Luzerne Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 710 N. Luzerne Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 180 of the Complaint and, therefore, must deny these allegations.

181.     This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 631 Robinson Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 631 Robinson Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 181 of the Complaint and, therefore, must deny these allegations.

182.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 509 N. Robinson Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 509 N. Robinson Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 182 of the Complaint and, therefore, must deny these allegations.

183.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 406 Belnord Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 406 Belnord Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 183 of the Complaint and, therefore, must deny these allegations.

184.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 424 N. Linwood Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 424 N. Linwood Avenue, including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 184 of the Complaint and, therefore, must deny these allegations.

185.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2600 Lehmann Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2600 Lehmann Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 185 of the Complaint and, therefore, must deny these allegations.

186.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2528 W. Lombard Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2528 W. Lombard Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 186 of the Complaint and, therefore, must deny these allegations.

187.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 2506 W. Pratt Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 2506 W. Pratt Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 187 of the

Complaint and, therefore, must deny these allegations.

188.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 3403 W. Caton Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 3403 W. Caton Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 188 of the

Complaint and, therefore, must deny these allegations.

189.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 200 N. Hilton Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 200 N. Hilton Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 189 of the Complaint and, therefore, must deny these allegations.

190.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3429 Edmondson Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 3429 Edmondson Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 190 of the Complaint and, therefore, must deny these allegations.

191.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2110 Baker Street.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2110 Baker Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 191 of the Complaint and, therefore, must deny these allegations.

192.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2835 Winchester Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2835 Winchester Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 192 of the Complaint and, therefore, must deny these allegations.

193.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1214 Dukeland Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1214 Dukeland Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 193 of the Complaint and, therefore, must deny these allegations.

194.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2911 Brighton Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2911 Brighton Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 194 of the

Complaint and, therefore, must deny these allegations.

195.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1619 Poplar Grove Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1619 Poplar Grove Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 195 of the Complaint and, therefore, must deny these allegations.

196.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1609 Longwood Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1609 Longwood Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 196 of the Complaint and, therefore, must deny these allegations.

197.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3114 Normount Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 3114 Normount Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 197 of the Complaint and, therefore, must deny these allegations.

198.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2918 Winchester Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2918 Winchester Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 198 of the Complaint and, therefore, must deny these allegations.

199.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 631 N. Augusta Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 631 N. Augusta Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 199 of the Complaint and, therefore, must deny these allegations.

200.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 839 N. Augusta Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 839 N. Augusta Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 200 of the Complaint and, therefore, must deny these allegations.

201.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3704 Colborne Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 3704 Colborne Road, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 201 of the Complaint and, therefore, must deny these allegations.

202.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1009 Lyndhurst Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1009 Lyndhurst Street,

including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 202 of the Complaint and, therefore, must deny these allegations.

203.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3905 Stokes Drive. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 3905 Stokes Drive, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 203 of the Complaint and, therefore, must deny these allegations.

204.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 745 Woodington Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 745 Woodington Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 204 of the Complaint and, therefore, must deny these allegations.

205.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 102 S. Loudon Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 102 S. Loudon Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 205 of the Complaint and, therefore, must deny these allegations.

206.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4017 Ridgewood Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 4017 Ridgewood Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 206 of the Complaint and, therefore, must deny these allegations.

207.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3803 Bonner Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 3803 Bonner Road, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo

states that it does not have sufficient knowledge or information upon which to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 207 of the Complaint and,

therefore, must deny these allegations.

208.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 3821 Clifton Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 3821 Clifton Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 208 of the

Complaint and, therefore, must deny these allegations.

209.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 3617 Fairview Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 3617 Fairview Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 209 of the

Complaint and, therefore, must deny these allegations.

210.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 2806 Norfolk Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 2806 Norfolk Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 210 of the

Complaint and, therefore, must deny these allegations.

211.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 3940 Reistertown Road.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 3940 Reistertown Road,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 211 of the

Complaint and, therefore, must deny these allegations.

212.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 2007 Ruxton Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 2007 Ruxton Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 212 of the

Complaint and, therefore, must deny these allegations.

213.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 2016 Clifton Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 2016 Clifton Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 213 of the

Complaint and, therefore, must deny these allegations.

214.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1615 Thomas Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 1615 Thomas Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 214 of the

Complaint and, therefore, must deny these allegations.

215.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 3622 Edmondson

Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the

City of Baltimore alleged to be the result of any vacancy or foreclosure at, 3622 Edmondson

Avenue, including but not limited to alleged damages related to expenditures for municipal

services.  Wells Fargo states that it does not have sufficient knowledge or information upon

which to form a belief as to the truth or falsity of the remaining allegations contained in

Paragraph 215 of the Complaint and, therefore, must deny these allegations.

216.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 4010 Penhurst Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 4010 Penhurst Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 216 of the

Complaint and, therefore, must deny these allegations.

217.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1845 McHenry Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 1845 McHenry Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 217 of the

Complaint and, therefore, must deny these allegations.

218.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4213 Arizona Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 4213 Arizona Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 218 of the Complaint and, therefore, must deny these allegations.

219.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3506 Plateau Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 3506 Plateau Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 219 of the Complaint and, therefore, must deny these allegations.

220.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3616 Hillsdale Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 3616 Hillsdale Road,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 220 of the

Complaint and, therefore, must deny these allegations.

221.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 4201 Fernhill Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 4201 Fernhill Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 221 of the

Complaint and, therefore, must deny these allegations.

222.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 634 Queensgate Road.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 634 Queensgate Road,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 222 of the

Complaint and, therefore, must deny these allegations.

223.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4527 Pen Lucy Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 4527 Pen Lucy Road, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 223 of the Complaint and, therefore, must deny these allegations.

224.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2811 Round Road.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2811 Round Road, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 224 of the Complaint and, therefore, must deny these allegations.

225.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2930 Rayshire Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 2930 Rayshire Road,

including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 225 of the Complaint and, therefore, must deny these allegations.

226.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 446 N. Bouldin Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 446 N. Bouldin Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 226 of the Complaint and, therefore, must deny these allegations.

227.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 500 N. Clinton Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 500 N. Clinton Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 227 of the Complaint and, therefore, must deny these allegations.

228.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 502 N. East Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 502 N. East Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 228 of the Complaint and, therefore, must deny these allegations.

229.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 5420 Bucknell Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 5420 Bucknell Road, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 229 of the Complaint and, therefore, must deny these allegations.

230.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4880 Greencrest Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 4880 Greencrest Road, including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 230 of the Complaint and, therefore, must deny these allegations.

231.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4403 Kavon Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 4403 Kavon Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 231 of the Complaint and, therefore, must deny these allegations.

232.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4102 Granite Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 4102 Granite Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 232 of the Complaint and, therefore, must deny these allegations.

233.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 4012 Northern Parkway.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 4012 Northern Parkway,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 233 of the

Complaint and, therefore, must deny these allegations.

234.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 6108 Birchwood Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 6108 Birchwood Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 234 of the

Complaint and, therefore, must deny these allegations.

235.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1711 Burnwood Road.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 1711 Burnwood Road,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 235 of the Complaint and, therefore, must deny these allegations.

236.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1700 E. Belvedere Avenue.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 1700 E. Belvedere Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 236 of the Complaint and, therefore, must deny these allegations.

237.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 5108 Hillen Road.  Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at, 5108 Hillen Road, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 237 of the Complaint and, therefore, must deny these allegations.

238.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1512 Stonewood Road.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 1512 Stonewood Road,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 238 of the

Complaint and, therefore, must deny these allegations.

239.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 5413 The Alameda.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at, 5413 The Alameda, including

but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo

states that it does not have sufficient knowledge or information upon which to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 239 of the Complaint and,

therefore, must deny these allegations.

240.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 4700 Old York Road.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 4700 Old York Road,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 240 of the

Complaint and, therefore, must deny these allegations.

241.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 5917 Yorkwood Road. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 5917 Yorkwood Road, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 241 of the Complaint and, therefore, must deny these allegations.

242.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4446 Wrenwood Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 4446 Wrenwood Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 242 of the Complaint and, therefore, must deny these allegations.

243.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 510 Winston Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 510 Winston Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 243 of the Complaint and, therefore, must deny these allegations.

244.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 307 Belvedere Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 307 Belvedere Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 244 of the Complaint and, therefore, must deny these allegations.

245.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2803 N. Edgecombe Circle. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2803 N. Edgecombe Circle, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 245 of the Complaint and, therefore, must deny these allegations.

246.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3726 Beehler Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3726 Beehler Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 246 of the Complaint and, therefore, must deny these allegations.

247.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3611 Oakmont Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3611 Oakmont Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 247 of the Complaint and, therefore, must deny these allegations.

248.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3000 W. Garrison Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3000 W. Garrison

Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 248 of the Complaint and, therefore, must deny these allegations.

249.    This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 5007 Beaufort Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 5007 Beaufort Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 249 of the Complaint and, therefore, must deny these allegations.

250.    This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3120 Lawnview Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3120 Lawnview Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 250 of the Complaint and, therefore, must deny these allegations.

251.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4103 Chesterfield Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 4103 Chesterfield Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 251 of the Complaint and, therefore, must deny these allegations.

251.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3617 Brehms Lane. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3617 Brehms Lane, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 252 of the Complaint and, therefore, must deny these allegations.

253.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3417 Ravenwood Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3417 Ravenwood Avenue, including but not limited to alleged damages related to expenditures for municipal

services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 253 of the Complaint and, therefore, must deny these allegations.

254.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1702 Gorsuch Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1702 Gorsuch Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 254 of the Complaint and, therefore, must deny these allegations.

255.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3016 Mathews Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3016 Mathews Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 255 of the Complaint and, therefore, must deny these allegations.

256.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 3539 Greenmount

Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the

City of Baltimore alleged to be the result of any vacancy or foreclosure at 3539 Greenmount

Avenue, including but not limited to alleged damages related to expenditures for municipal

services.  Wells Fargo states that it does not have sufficient knowledge or information upon

which to form a belief as to the truth or falsity of the remaining allegations contained in

Paragraph 256 of the Complaint and, therefore, must deny these allegations.

257.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1648 Chilton Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 1648 Chilton Street, including

but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo

states that it does not have sufficient knowledge or information upon which to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 257 of the Complaint and,

therefore, must deny these allegations.

258.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1729 E. 31st Street. Wells

Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore

alleged to be the result of any vacancy or foreclosure at 1729 E. 31st Street, including but not

limited to alleged damages related to expenditures for municipal services.  Wells Fargo states

that it does not have sufficient knowledge or information upon which to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 258 of the Complaint and, therefore, must deny these allegations.

259.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1605 E. 28th Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1605 E. 28th Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 259 of the Complaint and, therefore, must deny these allegations.

260.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2014 Barclay Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2014 Barclay Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 260 of the Complaint and, therefore, must deny these allegations.

261.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2016 Barclay Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2016 Barclay Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 261 of the Complaint and, therefore, must deny these allegations.

262.    This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2507 Linden Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2507 Linden Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 262 of the Complaint and, therefore, must deny these allegations.

263.    This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2408 Linden Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2408 Linden Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 263 of the

Complaint and, therefore, must deny these allegations.

264.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2410 Linden Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2410 Linden Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 264 of the Complaint and, therefore, must deny these allegations.

265.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2227 Linden Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2227 Linden Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 265 of the Complaint and, therefore, must deny these allegations.

266.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1912 Park Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore

alleged to be the result of any vacancy or foreclosure at 1912 Park Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 266 of the Complaint and, therefore, must deny these allegations.

267.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2524 W. Cold Spring Lane. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2524 W. Cold Spring Lane, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 267 of the Complaint and, therefore, must deny these allegations.

268.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2520 Shirley Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2520 Shirley Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 268 of the Complaint and, therefore, must deny these allegations.

269.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1218 N. Woodyear Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1218 N. Woodyear Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 269 of the Complaint and, therefore, must deny these allegations.

270.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1102 N. Carrollton Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1102 N. Carrollton Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 270 of the Complaint and, therefore, must deny these allegations.

271.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 927 Mount Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 927 Mount Street, including but not

limited to alleged damages related to expenditures for municipal services.  Wells Fargo states

that it does not have sufficient knowledge or information upon which to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 271 of the Complaint and,

therefore, must deny these allegations.

272.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1207 W. Lanvale Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 1207 W. Lanvale Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 272 of the

Complaint and, therefore, must deny these allegations.

273.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1523 Edmondson

Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the

City of Baltimore alleged to be the result of any vacancy or foreclosure at 1523 Edmondson

Avenue, including but not limited to alleged damages related to expenditures for municipal

services.  Wells Fargo states that it does not have sufficient knowledge or information upon

which to form a belief as to the truth or falsity of the remaining allegations contained in

Paragraph 273 of the Complaint and, therefore, must deny these allegations.

274.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 522 N. Carrollton Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 522 N. Carrollton Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 274 of the Complaint and, therefore, must deny these allegations.

275.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 105 S. Calhoun Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 105 S. Calhoun Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 275 of the Complaint and, therefore, must deny these allegations.

276.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1812 Ramsay Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1812 Ramsay Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo

states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 276 of the Complaint and, therefore, must deny these allegations.

277.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2204 Druid Hill Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2204 Druid Hill Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 277 of the Complaint and, therefore, must deny these allegations.

278.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1357 Carroll Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1357 Carroll Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 278 of the Complaint and, therefore, must deny these allegations.

279.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1207 Cleveland Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 1207 Cleveland Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 279 of the

Complaint and, therefore, must deny these allegations.

280.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1218 W. Cross Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 1218 W. Cross Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 280 of the

Complaint and, therefore, must deny these allegations.

281.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 1813 Aisquith Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 1813 Aisquith Street,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 281 of the Complaint and, therefore, must deny these allegations.

282.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1506 Holbrook Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1506 Holbrook Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 282 of the Complaint and, therefore, must deny these allegations.

283.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1711 Rutland Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1711 Rutland Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 283 of the Complaint and, therefore, must deny these allegations.

284.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1715 Rutland Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1715 Rutland Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 284 of the Complaint and, therefore, must deny these allegations.

285.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1621 N. Chapel. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1621 N. Chapel, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 285 of the Complaint and, therefore, must deny these allegations.

286.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2131 E. Federal Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2131 E. Federal Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 286 of the

Complaint and, therefore, must deny these allegations.

287.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 707 N. Luzerne Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 707 N. Luzerne Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 287 of the Complaint and, therefore, must deny these allegations.

288.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2731 E. Monument Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2731 E. Monument Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 288 of the Complaint and, therefore, must deny these allegations.

289.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 543 N. Luzerne Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 543 N. Luzerne Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 289 of the Complaint and, therefore, must deny these allegations.

290.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 236 N. Milton Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 236 N. Milton Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 290 of the Complaint and, therefore, must deny these allegations.

291.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 215 N. Milton Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 215 N. Milton Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 291 of the Complaint and, therefore, must deny these allegations.

292.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 120 N. Rose Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 120 N. Rose Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 292 of the Complaint and, therefore, must deny these allegations.

293.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 161 N. Decker Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 161 N. Decker Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 293 of the Complaint and, therefore, must deny these allegations.

294.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1615 N. Smallwood Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 11615 N. Smallwood

Street, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 294 of the Complaint and, therefore, must deny these allegations.

295.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4003 Oakford Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 4003 Oakford Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 295 of the Complaint and, therefore, must deny these allegations.

296.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1828 Walbrook Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1828 Walbrook Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 296 of the Complaint and, therefore, must deny these allegations.

297.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3026 Tioga Parkway. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3026 Tioga Parkway, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 297 of the Complaint and, therefore, must deny these allegations.

298.   This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 1139 Homestead Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 1139 Homestead Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 298 of the Complaint and, therefore, must deny these allegations.

299.   This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2928 Erdman Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2928 Erdman Avenue, including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 299 of the Complaint and, therefore, must deny these allegations.

300.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3343 Ravenwood Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3343 Ravenwood Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 300 of the Complaint and, therefore, must deny these allegations.

301.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4027 Lewiston Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 4027 Lewiston Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 301 of the Complaint and, therefore, must deny these allegations.

302.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 4829 Wilern Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 4829 Wilern Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 302 of the

Complaint and, therefore, must deny these allegations.

303.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 511 Richwood Avenue.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 511 Richwood Avenue,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 303 of the

Complaint and, therefore, must deny these allegations.

304.    This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 3007 Shannon Drive.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of

Baltimore alleged to be the result of any vacancy or foreclosure at 3007 Shannon Drive,

including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form

a belief as to the truth or falsity of the remaining allegations contained in Paragraph 304 of the Complaint and, therefore, must deny these allegations.

305.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3427 Kenyon Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3427 Kenyon Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 305 of the Complaint and, therefore, must deny these allegations.

306.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 4410 Marx Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 4410 Marx Avenue, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 306 of the Complaint and, therefore, must deny these allegations.

307.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3303 McElderry Street.

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3303 McElderry Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 307 of the Complaint and, therefore, must deny these allegations.

308.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 439 N. Clinton Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 439 N. Clinton Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 308 of the Complaint and, therefore, must deny these allegations.

309.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at the following property addresses:

- 1619 N. Ashburton Street
- 1934 Lexington Street
- 1643 N. Fulton Avenue
- 1557 N. Gilmor Street
- 1351 N. Carey Street
- 1213 W. Mulberry Street
- 1511 W. Lexington Street
- 39 S. Fulton Avenue

- 1934 Cumberland Street
- 512 N. Paca Street
- 331 E. North Avenue
- 1334 Aisquith Street
- 209 N. Rose Street
- 622 Allendale Street
- 806 N. Hilton Street
- 3911 Flowerton Road
- 3706 Winterbourne Road
- 2115 Braddish Avenue
- 3116 Callaway Avenue
- 2203 N. Pulaski Street
- 2614 Rosewood Avenue
- 2833 Oakford Avenue
- 3030 Oakford Avenue
- 1666 Shadyside Road
- 902 E. 41st Street
- 3202 Lawnview Avenue
- 3618 Glengyle Avenue
- 3102 Oakford Avenue
- 3021 Rosalind Avenue
- 5540 Midwood Avenue
- 4250 Shamrock Avenue
- 4238 Sheldon Avenue
- 613 Winans Way
- 3407 Juneway Street

Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at these property addresses, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 309 of the Complaint and, therefore, must deny these allegations.

310.    This paragraph contains general and unsupported factual assertions as to which no response is required. To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at the following property

addresses:

- 758 Deaconhill Court
- 1530 N. Fulton Avenue
- 2719 W. Baltimore Street
- 234 S. Monastery Avenue
- 3623 Rosedale Road
- 2308 Oswego Avenue
- 3904 Tivoly Avenue
- 2928 Clifton Park Terrace
- 6504 Brighton Avenue
- 3200 W. Roger Drive
- 4802 Laurel Avenue
- 1133 E. Northern Parkway
- 5810 Waycross Road
- 5302 Brabant Road
- 4404 Finney Avenue
- 1536 Roundhill Road
- 2622 Boone Street
- 5017 Woodlands Glen Road
- 2724 Uhler Avenue
- 402 Croydon Road
- 1024 Radnor Avenue
- 1203 Northern Parkway
- 2816 Roselawn Avenue
- 3201 Kentucky Avenue
- 4357 Old Frederick Road
- 3819 Patapsco Avenue
- 5511 Wesley Avenue
- 2014 Penrose Avenue
- 2106 Whittier Avenue
- 2521 Hoffman Street
- 3602 W. Forest Park Avenue
- 3817 Clifton Avenue
- 1012 N. Rosedale Street
- 1729 Ashburton Street
- 40 Bentalou Street
- 220 Patterson Park Avenue
- 536 Hurley Avenue
- 1746 Llewelyn Avenue
- 1007 Central Avenue
- 1115 Ward Street
- 1309 Hollins Street
- 1227 Lafayette Avenue

- 2917 Rock Rose Avenue
- 2745 The Alameda
- 1520 E. 28th Street

Wells Fargo also denies that its lending practices are the cause of any damages to the City of
Baltimore alleged to be the result of any vacancy or foreclosure at these property addresses,
including but not limited to alleged damages related to expenditures for municipal services.
Wells Fargo states that it does not have sufficient knowledge or information upon which to form
a belief as to the truth or falsity of the remaining allegations contained in Paragraph 310 of the
Complaint and, therefore, must deny these allegations.

311.     This paragraph contains general and unsupported factual assertions and attorney
argument to which no response is required.  To the extent that a response is required, Wells
Fargo denies the generalized allegations in Paragraph 311 of the Complaint, and specifically
denies that it is the cause of any vacancies or harms alleged to be associated with vacancies in
the City of Baltimore.

312.     This paragraph contains general and unsupported factual assertions as to which no
response is required.  To the extent that a response is required, Wells Fargo specifically denies
that its lending practices are the cause of any vacancy or foreclosure at 3803 Bonner Road. Wells
Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore
alleged to be the result of any vacancy or foreclosure at 3803 Bonner Road, including but not
limited to alleged damages related to expenditures for municipal services.  Wells Fargo states
that it does not have sufficient knowledge or information upon which to form a belief as to the
truth or falsity of the remaining allegations contained in Paragraph 312 of the Complaint and,
therefore, must deny these allegations.

313.     This paragraph contains general and unsupported factual assertions as to which no

response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 406 North Belnord. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 406 North Belnord, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 313 of the Complaint and, therefore, must deny these allegations.

314.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 3726 Beehler Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 3726 Beehler Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 314 of the Complaint and, therefore, must deny these allegations.

315.     This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2520 Shirley Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2520 Shirley Avenue, including but not limited to alleged damages related to expenditures for municipal services.

Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 315 of the Complaint and, therefore, must deny these allegations.

316.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 801 Arnold Court. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 801 Arnold Court, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 316 of the Complaint and, therefore, must deny these allegations.

317.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 500 North Clinton. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 500 North Clinton, including but not limited to alleged damages related to expenditures for municipal services.  Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 317 of the Complaint and, therefore, must deny these allegations.

318.    This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies

that its lending practices are the cause of any vacancy or foreclosure at 2918 Winchester Street. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2918 Winchester Street, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 318 of the Complaint and, therefore, must deny these allegations.

319.   This paragraph contains general and unsupported factual assertions as to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy or foreclosure at 2014 Penrose Avenue. Wells Fargo also denies that its lending practices are the cause of any damages to the City of Baltimore alleged to be the result of any vacancy or foreclosure at 2014 Penrose Avenue, including but not limited to alleged damages related to expenditures for municipal services. Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 319 of the Complaint and, therefore, must deny these allegations.

320.   This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that it has engaged or continues to engage in reverse redlining, discriminatory lending, or other practices. Wells Fargo further denies that Wells Fargo foreclosures caused by reverse redlining in sub-neighborhoods constitute at least one-third of all foreclosures.  Wells Fargo denies that it is the cause of any significant or deleterious impact on property values and tax revenues in any sub-neighborhoods. Wells Fargo further states that it

does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining generalized allegations contained in Paragraph 320 of the Complaint and, therefore, must deny these allegations.

321.    This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy, harms, or damages in the alleged sub-neighborhoods.  Wells Fargo further states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining generalized allegations contained in Paragraph 321 of the Complaint and, therefore, must deny these allegations.

322.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 322 of the Complaint and, therefore, must deny these allegations.

323.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 323 of the Complaint and, therefore, must deny these allegations.

324.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo specifically denies that its lending practices are the cause of any vacancy, harms, or

damages in the sub-neighborhoods alleged by the City.  Wells Fargo further states that it does

not have sufficient knowledge or information upon which to form a belief as to the truth or

falsity of the generalized allegations contained in Paragraph 324 of the Complaint and, therefore,

must deny these allegations, which are not specifically directed at Wells Fargo, and specifically

deny the allegations to the extent they are intended to refer to Wells Fargo.

325.    This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo specifically denies that its lending practices are the cause of any

vacancy, harms, or damages in the alleged by the City of Baltimore.  Wells Fargo further states

that it does not have sufficient knowledge or information upon which to form a belief as to the

truth or falsity of the generalized allegations contained in Paragraph 325 of the Complaint and,

therefore, must deny these allegations.

326.    This paragraph contains general and unsupported factual assertions, inflammatory

language, and attorney argument to which no response is required.  To the extent that a response

is required, Wells Fargo specifically denies that it engaged in discriminatory lending practices

and further denies that its lending practices are the cause of any vacancy, harms, or damages in

the alleged by the City of Baltimore.  Wells Fargo further states that it does not have sufficient

knowledge or information upon which to form a belief as to the truth or falsity of the generalized

allegations contained in Paragraph 326 of the Complaint and, therefore, must deny these

allegations.

327.    This paragraph contains a general and unsupported factual assertion,

inflammatory language, and attorney argument to which no response is required.  To the extent

that a response is required, Wells Fargo specifically denies that it engaged in discriminatory

lending practices and further denies that its lending practices are the cause of any vacancy, harms, or damages in the alleged by the City of Baltimore.  Wells Fargo further states that it does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity of the generalized allegations contained in Paragraph 327 of the Complaint and, therefore, must deny these allegations.

328.    This paragraph contains general and unsupported factual assertions, inflammatory language, attorney argument and conclusions of law to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 328 of the Complaint, and specifically denies that it has engaged or continues to engage in an unlawful pattern or practice of discriminatory lending.

329.    This paragraph contains general and unsupported factual assertions and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 329 of the Complaint, and specifically denies that its acts, policies, or practices have adversely affected Baltimore.

330.    This paragraph contains general and unsupported factual assertions, inflammatory language, and attorney argument to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph 330 of the Complaint, and specifically denies that it has discriminated or is discriminating against African Americans and borrowers in majority African-American neighborhoods in Baltimore.  Wells Fargo further denies that its lending practices have injured Baltimore.

331.    This paragraph contains general and unsupported factual assertions, inflammatory language, attorney argument and conclusions of law to which no response is required.  To the extent that a response is required, Wells Fargo denies the generalized allegations in Paragraph

331 of the Complaint, and specifically denies that it has implemented or is implementing any unlawful actions with callous or reckless disregard for any federally protected rights held by Baltimore.

## CAUSE OF ACTION

332.     Wells Fargo repeats and incorporates by reference the admissions, responses, averments, and denials set forth in Paragraphs 1 through 331.

333.     The allegations in Paragraph 333 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, Wells Fargo specifically denies each and every allegation contained in Paragraph 333 of the Complaint.

334.     The allegations in Paragraph 334 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, Wells Fargo specifically denies each and every allegation contained in Paragraph 334 of the Complaint.

335.     The allegations in Paragraph 335 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, Wells Fargo specifically denies each and every allegation contained in Paragraph 335 of the Complaint.

336.     Wells Fargo admits that Plaintiff seeks a trial by jury on all issues triable as of right.

337.     Wells Fargo admits that Plaintiff seeks the relief set forth in the Prayer for Relief, but specifically denies that the Plaintiff is entitled to any relief, including but not limited to the relief sought in subparts (1) through (6) of the Prayer for Relief.  Wells Fargo further denies that this Court is authorized to grant such relief.

338.     Wells Fargo denies any and all remaining allegations of the Complaint that may be read as being made against Wells Fargo, but do not specifically identify Wells Fargo.

339.     Wells Fargo denies each allegation of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Wells Fargo, for its Affirmative Defenses to the claims made in the Complaint, alleges and states as follows:

### First Defense

The Complaint improperly cumulates disparate claims against multiple defendants.

### Second Defense

To the extent applicable, the claims against Wells Fargo Bank, N.A. are preempted or otherwise barred, in whole or in part, by federal law and any regulations promulgated thereunder. To the extent that the claims against Wells Fargo Bank, N.A. are not preempted or otherwise barred by federal law, and any regulations promulgated thereunder, such claims are subject to the exclusive visitorial powers of the Office of the Comptroller of the Currency.

### Third Defense

Plaintiff's claims are improperly joined under the Federal Rules of Civil Procedure and applicable law.

### Fourth Defense

The Complaint is too vague for Wells Fargo to ascertain the factual bases of any claim that the Plaintiff is attempting to allege.  Plaintiff has, therefore, failed to plead its action with sufficient particularity as to Wells Fargo.   This failure may preclude Wells Fargo from raising all appropriate defenses.

**Fifth Defense**

The Complaint, either in whole or in part, fails to state a cause of action upon which the requested relief may be granted.

**Sixth Defense**

The Complaint fails to state a claim or cause of action against Wells Fargo for declaratory relief.

**Seventh Defense**

The Complaint fails to state a claim or cause of action against Wells Fargo for injunctive relief.

**Eighth Defense**

This Court lacks personal jurisdiction over Wells Fargo.

**Ninth Defense**

Plaintiff's claims are barred to the extent that Plaintiff lacks standing to bring its claims.

**Tenth Defense**

This action does not present a justiciable case or controversy between Plaintiff and Wells Fargo.

**Eleventh Defense**

Plaintiff's claims are barred to the extent that Plaintiff's claims were brought after the expiration of the applicable statute of limitations.

**Twelfth Defense**

Plaintiff's claims are barred by the principles of *res judicata* and/or collateral estoppel.

**Thirteenth Defense**

Plaintiff is not entitled to declaratory relief against Wells Fargo, because such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.

**Fourteenth Defense**

Plaintiff's claims are barred to the extent that Plaintiff has failed to join all necessary and/or indispensable parties, without whom this action cannot proceed.

**Fifteenth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of assumption of the risk and contributory negligence.

**Sixteenth Defense**

Plaintiff's claims are barred because the alleged damage was not caused by any act, or failure to act, of Wells Fargo, regardless of any other cause or event, contributing concurrently or in any sequence, to the loss.

**Seventeenth Defense**

Plaintiff has not sustained any damages proximately or actually caused by Wells Fargo.

**Eighteenth Defense**

To the extent Plaintiff has suffered any legally cognizable damages or harm, which Wells Fargo denies, any such damages or harm were the direct and proximate result of actions or omissions of third parties for which Wells Fargo has no responsibility, or over which it has no control.

**Nineteenth Defense**

To the extent Plaintiff has suffered any legally cognizable damages or harm, which Wells Fargo denies, any such damages or harm were caused, in whole or in part, by others' (including Plaintiff's) lack of due care, negligence, or fault.

**Twentieth Defense**

Plaintiff's claims are barred to the extent that Plaintiff has failed to mitigate, minimize, or avoid any damage it allegedly sustained, and recovery against Wells Fargo, if any, must be reduced by that amount.

**Twenty-first Defense**

Plaintiff's claims are barred by waiver, release, laches, unclean hands, and other equitable doctrines.

**Twenty-second Defense**

Plaintiff's claims are barred by the doctrines of accord and satisfaction.

**Twenty-third Defense**

The Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*, is not applicable to the claims asserted by Plaintiff in this action or the damages allegedly sustained by Plaintiff.

**Twenty-fourth Defense**

Some or all of Plaintiff's claims are barred, or limited, by the defenses available under the Fair Housing Act and by additional defenses available under implementing regulations of the statutes.  Wells Fargo hereby reserves its right to assert any such defenses.

**Twenty-fifth Defense**

Plaintiff's claims are barred because it seeks to impose liability on Wells Fargo in violation of the Due Process Clauses of the United States and Maryland Constitutions.

**Twenty-sixth Defense**

To the extent Plaintiff has suffered any legally cognizable damages or harm, which Wells Fargo denies, Plaintiff's claims are barred, in whole or in part, because at all relevant times Wells Fargo has operated its businesses in compliance with applicable laws and regulations.

**Twenty-seventh Defense**

Any and all actions Wells Fargo took with respect to Plaintiff were taken in the good faith exercise of Well Fargo's reasonable business judgment.

**Twenty-eighth Defense**

Wells Fargo acted with good faith and had an objectively reasonable belief its conduct did not violate the law.

**Twenty-ninth Defense**

Plaintiff's claims are barred, in whole or in part, by the municipal cost recovery rule.

**Thirtieth Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of remoteness.

**Thirty-first Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that they conflict with applicable Maryland state law and regulations.

**Thirty-second Defense**

The Complaint fails to state facts sufficient to constitute a valid claim for punitive damages.

**Thirty-third Defense**

Plaintiff cannot recover punitive damages to the extent such damages would violate provisions of the United States and Maryland Constitutions, including, but not limited to, the Due Process Clauses contained therein.

**Thirty-fourth Defense**

The Complaint fails to state facts sufficient to constitute a valid claim for attorneys' fees and costs.

**Thirty-fifth Defense**

Because Plaintiff's Complaint does not describe the claims made against Plaintiff with sufficient particularity to enable Wells Fargo to determine all of its applicable defenses, Wells Fargo hereby reserves its right to assert any and all additional defenses once the precise nature of the claims are ascertained.

**WHEREFORE**, Wells Fargo respectfully requests that:

(1)  A judgment be entered in its favor against the Mayor and City Council of Baltimore, dismissing all claims in the Complaint with prejudice and awarding Wells Fargo its costs and expenses, including its reasonable attorneys' fees; and,

(2)  The Court grant Wells Fargo such other and further relief as the Court deems appropriate.

Respectfully submitted,


/s/ Andrew L. Sandler
Andrew L. Sandler (MD Fed. Bar No. 22950)
Benjamin B. Klubes (MD Fed. Bar No. 08085)
Jonice Gray Tucker (MD Fed. Bar No. 26484)
Valerie L. Hletko (*pro hac vice*)
BUCKLEYSANDLER LLP
1250 24th Street, N.W.
Washington, D.C. 20037
(202) 349-8000 (Telephone)
(202) 349-8080 (Facsimile)
asandler@buckleysandler.com
bklubes@buckleysandler.com
jtucker@buckleysandler.com
vhletko@buckleysandler.com

*Attorneys for Defendants Wells Fargo Bank, N.A.*
*and Wells Fargo Financial Leasing, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants as of May 23, 2011.

Dated:  May 23, 2011                    /s/ Valerie L. Hletko
                                        Valerie L. Hletko