IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAYOR AND CITY COUNCIL | * | |
| OF BALTIMORE | * | |
| | * | |
| v. | * | Civil No. JFM-08-62 |
| | * | |
| WELLS FARGO BANK | * | |

*****

**OPINION**

Plaintiff has filed a motion for reconsideration of the ruling I made on August 10, 2011 regarding the manner in which discovery is to proceed. In my ruling, I refused to permit plaintiff to take extensive discovery for the purpose of enabling it to construct a regression analysis concerning loans made throughout the City of Baltimore for approximately a decade. Plaintiff wants to conduct the analysis to show that defendants engaged in discriminatory lending practices and made loans to the borrowers involved in the case on relatively unfavorable terms that made the loans unsustainable. Plaintiff's motion for reconsideration will be denied.

By virtue of an earlier ruling I have made on a dismissal motion, this case is no longer a "macro" one, focusing upon systemic issues, but a "micro" one, focusing upon specific borrowers and properties. As a result, to quote Isaiah Berlin, it is time for counsel and the parties to be "foxes," rather than "hedgehogs," viewing the litigation not through the lens of a single defining idea but by considering the variety of facts surrounding the individual borrowers and properties at issue. Perhaps (though not necessarily) in the long run plaintiff may be entitled to conduct the regression analysis it desires.[1] In my judgment, however, before that costly

---

1 It is an open question whether the regression analysis itself is a suitable means for determining what the terms of the loans in question should have been. I fully accept plaintiff's assumption that Wells Fargo acted in a discriminatory manner and that its greed in seeking to profit from up-front transaction fees without regard to the creditworthiness of borrowers or the underlying value of secured properties caused it to ignore proper underwriting principles. But what plaintiff must ultimately establish is that the borrowers who defaulted could have obtained

1

enterprise is undertaken, more facts must be learned about the specific borrowers and foreclosed properties upon which plaintiff bases its damages claims and the amount of damages it allegedly suffered as to each property.

I recognize that at times facts are not only tedious but, by themselves, dull and unenlightening. Theory is thus sometimes necessary to explain their significance. At the same time, theory frequently can be so abstract that it does not add value to legal analysis. The bottom line is that whatever a regression analysis may show, if the individual circumstances of the borrowers and/or properties in question would have led to foreclosure despite the allegedly unfavorable terms of the loans or if plaintiff cannot prove recoverable damages it allegedly suffered as the result of the vacancy of the properties, plaintiff cannot prevail in this law suit. These are the facts that I have ordered must first be explored.

I recognize, as plaintiff argues, that resolution of this litigation will be delayed if, after the initial discovery I have ordered has concluded and I have denied any motion for summary judgment filed by defendants, I decide that additional discovery is required. I also recognize that there has already been substantial delay in this litigation. However, it is plaintiff itself who has been responsible for that delay because it has asserted what I have concluded are noncognizable claims. Furthermore, it is plaintiff who has chosen to proceed with this litigation on a property-specific basis after I had ruled that its systemic claim seeking more generalized damages was not plausible. Plaintiff has not changed its litigation strategy although my rulings against it have

---

more favorable loans that they could have kept current, and this question cannot be addressed without first establishing the financial circumstances of the borrowers and the condition of the properties on which the loans were made. Plaintiff's proposed regressive analysis may at best be tangential to the inquiry. Arguably, if any survey at all is appropriate, the survey should not be an undifferentiated one, but one comparing the loans in question in this lawsuit to loans made to similarly situated borrowers, secured by similarly situated properties. Moreover, if plaintiff ultimately takes the position that no loan at all should have been made as to a particular property, in order to show causation, it will have to prove that the property would not have been vacant if no loan was made.

substantially changed the rules of engagement. If plaintiff is concerned about delay, and believes my ruling dismissing its broader claim was erroneous and should be appealed, it should attempt to place the case in a posture where appellate review of my earlier ruling on the dismissal motion can be obtained.[2]

In opposing plaintiff's motion, defendants renew its request that plaintiff be ordered to provide certain discovery to defendant.[3] As I indicated at the conclusion of the hearing held on August 10, 2011, I am not prepared at this time to rule upon the scope of discovery that plaintiff is required to provide. I very much hope, however, that the views that I have expressed about how discovery should proceed provide counsel and the parties with sufficient guidance as to the discovery that plaintiff must give. It may well be that defendants' requests are meritorious, and, if so, I have no reason to think that plaintiff will oppose them simply because plaintiff disagrees with the discovery plan I am ordering. Of course, if plaintiff does oppose any discovery requests made by defendants, and defendants believe that its requests are meritorious, defendants may file a motion to compel. I will rule upon any such motion in due course.

A separate order denying plaintiff's motion for reconsideration is being entered herewith.

Date:   September 28, 2011            ___/s/_____
                                       J. Frederick Motz
                                       United States District Judge

---

[2] Alternatively, if after consideration plaintiff concludes that my ruling dismissing its systemic claim was correct (or at least is likely to be affirmed on appeal) and that the risks its faces and the costs it will incur in proceeding with this litigation it will outweigh potential benefits, it should dismiss the action.

[3] Defendants have also moved for an award of attorneys' fees it incurred in opposing plaintiff's motion for reconsideration. The motion is denied. In light of the high standard that a motion for reconsideration must meet, *see Potter v. Potter,* 199 F.R.D. 550, 553 (D. Md. 2001), however, the motion for an award of attorneys' fees is not frivolous.