

Envelope: Returned mail to Clerk, United States District Court, 101 W. Lombard St, Baltimore, Maryland, from David Kissi #38348037, FCI Elkton, P.O. Box 10, Lisbon, OH 44432. Stamped "RETURN TO SENDER — NOT DELIVERABLE AS ADDRESSED — UNABLE TO FORWARD" and "NOT AT THIS ADDRESS RETURN TO SENDER". Filed/Logged OCT 11 2011, Clerk U.S. District Court, District of Maryland at Baltimore. Case 08-cv-00062-JFM Document 216 Filed 10/11/11.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAYOR AND CITY COUNCIL | * | |
| OF BALTIMORE | * | |
| | * | |
| v. | * | Civil No. JFM-08-62 |
| | * | |
| WELLS FARGO BANK | * | |
| | ***** | |

## OPINION

Plaintiff has filed a motion for reconsideration of the ruling I made on August 10, 2011 regarding the manner in which discovery is to proceed. In my ruling, I refused to permit plaintiff to take extensive discovery for the purpose of enabling it to construct a regression analysis concerning loans made throughout the City of Baltimore for approximately a decade. Plaintiff wants to conduct the analysis to show that defendants engaged in discriminatory lending practices and made loans to the borrowers involved in the case on relatively unfavorable terms that made the loans unsustainable. Plaintiff's motion for reconsideration will be denied.

By virtue of an earlier ruling I have made on a dismissal motion, this case is no longer a "macro" one, focusing upon systemic issues, but a "micro" one, focusing upon specific borrowers and properties. As a result, to quote Isaiah Berlin, it is time for counsel and the parties to be "foxes," rather than "hedgehogs," viewing the litigation not through the lens of a single defining idea but by considering the variety of facts surrounding the individual borrowers and properties at issue. Perhaps (though not necessarily) in the long run plaintiff may be entitled to conduct the regression analysis it desires.[1] In my judgment, however, before that costly

---

1 It is an open question whether the regression analysis itself is a suitable means for determining what the terms of the loans in question should have been. I fully accept plaintiff's assumption that Wells Fargo acted in a discriminatory manner and that its greed in seeking to profit from up-front transaction fees without regard to the creditworthiness of borrowers or the underlying value of secured properties caused it to ignore proper underwriting principles. But what plaintiff must ultimately establish is that the borrowers who defaulted could have obtained

1